## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-3588

**EMMITT WILLIAMS,**

    Plaintiff,

v.

**ERIE INSURANCE COMPANY OF NEW YORK**,

    Defendant.

---

### NOTICE OF REMOVAL

---

Defendant Erie Insurance Company of New York ("Defendant Erie"), by its attorneys, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant Erie states as follows:

### INTRODUCTION

1. On April 17, 206, Plaintiff Emmitt Williams filed a Complaint against Defendant Erie in the District Court for El Paso County, Colorado, Case No. 2026CV30901, commencing a state court action. (Ex. A, Complaint, pp. 1-8.)

2. The Complaint alleges that Defendant Erie issued an automobile insurance policy for the vehicle Plaintiff was driving when involved in a motor vehicle accident on November 27, 2024. (*Id.* ¶¶ 6-13, 23-24.) Plaintiff alleges he was involved in a motor vehicle accident on or about November 27, 2024 with an unknown vehicle that was at-fault for the collision. (*Id.* ¶¶ 8,

14-18.) Plaintiff asserts that Defendant Erie unreasonably denied UM/UIM benefits after it denied coverage for the at-issue accident.  (*See generally id.*)

3. Plaintiff has asserted two claims for relief: (1) common law bad faith and (2) statutory bad faith. (*See id.* ¶¶ 23-41.)

4. Plaintiff filed a District Court Cover Sheet indicating he is seeking more than $100,000 in damages. (*See* Ex. B, Civil Cover Sheet.)

5. Plaintiff served his Complaint on Defendant Erie in Rochester, New York on July 9, 2026 after improperly and inadequately serving Defendant Erie in April 2026 in New York, New York. (*See* Ex. C, Non-Services and Returns of Service.)

6. With his Complaint, Plaintiff served the District Court Civil Cover Sheet and a Summons. (*See* Ex, D, Summons.)

**GROUNDS FOR REMOVAL**

7. "[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* (cleaned up); *see Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) (providing that for diversity jurisdiction purposes, citizenship and domicile are synonymous). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454

2

(1973). When a domicile is established, there is a rebuttable presumption that the domicile continues. *See Middleton*, 749 F.3d 1197 at 1200.

8.       Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on the defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(a), (b)(1).

9.       In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Further, Defendant Erie has complied with the requirements of 28 U.S.C. § 1446.

### *Complete Diversity Between the Parties*

10.       There is complete diversity between the parties in this action, as Plaintiff is a citizen of Colorado, and Defendant Erie is a citizen of New York.

11.       Plaintiff is a citizen of Colorado, as evidenced by the following. Plaintiff avers in his Complaint that he resides in Colorado. (*See* Ex. A, ¶ 2.) Plaintiff's averment that he resides in Colorado constitutes prima facie evidence that he is a citizen of the State of Colorado. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* [evidence of] the domicile."); *Kelleam v. Md. Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941) ("Proof that a person is a resident of a state is prima facie evidence that he is a citizen thereof."). Further, Plaintiff is registered to vote in Colorado and has been since 2024. (*See* Exhibit E, Voter Registration for Emmitt Williams.) His

voting address is listed as 3618 Windflower Circle, Colorado Springs, Colorado 80918. (*See id.*) Colorado's Uniform Election Code of 1992 (the "Code") governs voting in Colorado. Section 1-2-102(1)(a)(I) of the Code provides: "The residence of a person is the principal home or place of abode of a person. A principal or primary home or place of abode is that home or place in which a person's habitation is fixed and to which that person, whenever absent, has the present intention of returning after a departure or absence, regardless of the duration of the absence." As such, voter registration is persuasive evidence of a person's citizenship because an individual registering to vote must declare, under penalty of perjury, that he has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship, including the potential consequences for lying about one's residency). The Windflower Circle address matches the one found in the traffic accident report from 2024. *See* Exhibit F, TAR.

12.  Defendant Erie is a citizen of the State of New York. Defendant Erie Insurance Company of New York is a corporation incorporated and existing under the laws of the State of New York with its principal place of business at 120 Corporate Woods, Suite 150, Rochester, New York 14623. (*See* Exhibit G, Erie SoS Record). *See also* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, corporation is deemed to be citizen of every state by which it has been incorporated and of the state where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Erie

4

Insurance Company of New York is a subsidiary of Erie Insurance Company, which has its principal place of business and headquarters in Erie, Pennsylvania.

13. The amount in controversy exceeds $75,000. According to his Complaint, Plaintiff seeks two times the allegedly covered benefit, attorney fees, and costs. (*See* Ex. A. ¶ 89.) The at-issue UM/UIM policy limits in this case total $100,000.

14. Further, the District Court Civil Case Cover Sheet accompanying his Complaint indicates that Plaintiff seeks more than $100,000 from Defendant Erie. (Ex. B, District Court Civil Case Cover Sheet.) *See Paros Prop., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (civil cover sheet is "other paper" from which amount in controversy may be ascertained).

***Procedural Requirements***

15. Defendant Erie's Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b). Plaintiff improperly served this lawsuit on Defendant Erie on April 2026. That service was improper because it did not serve Defendant Erie's registered agent in Rochester, New York. Instead, Plaintiff allegedly served a claims supervisor in New York, New York. That improper service was part of the basis for the state court's denial of a subsequent motion for default. Plaintiff properly served his Complaint on Defendant Erie's registered agent on July 9, 2026.This Notice of Removal is served within 30 days of that date.

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Defendant in this action are attached, including the Complaint (Ex. A); Returns of Service (Ex. B); Civil Case Cover Sheet (Ex. C); Summons (Ex. D); Plaintiff's Motion for Default (Exhibit H); The Colorado Traffic Accident Report as an exhibit to the Motion for Default (Exhibit F); Court's Order Denying Plaintiff's Motion for Default (Exhibit I); Delay Prevention Order (Exhibit J);

Defendant Erie's Motion for Extension of Time to Respond to Complaint (Exhibit K); Court's Order Granting Defendant Erie's Motion for Extension of Time to Respond to Complaint (Exhibit L).

17. Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for El Paso County Combined Courts and served on Plaintiff's counsel. (*See* Exhibit M, Notice of Filing of Notice of Removal).

18. Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the El Paso County assigned case number is attached as Exhibit N.

19. Pursuant to the El Paso County Trial Court's August 6, 2026 Order, (Exhibit L, Order on Unopposed Motion for Extension of Time to Respond to Complaint), Defendant Erie's response to Plaintiff's Complaint is due on September 3, 2026. There are no other pending motions, petitions, responses, replies, or briefs in the state court action, and no hearings are scheduled.

20. By filing this Notice of Removal, Defendant Erie does not waive any defense that may be available. Defendant Erie has not yet filed an Answer or other response to Plaintiff's Complaint in the state court action and will file the same with this Court.

WHEREAS, Defendant Erie requests that the above action now pending against it in the District Court for El Paso County be removed to this Court.

Dated this August 7, 2026.

6

Respectfully submitted,

*s/ Matthew R. Freda*

_____
Seth A. Rider, Esq.
Matthew R. Freda, Esq.
Rider Kafer, PC
1546 Cole Boulevard, Suite 120
Lakewood, CO 80401
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: sirder@riderkafer.com
          mfreda@riderkafer.com

ATTORNEYS FOR DEFENDANT

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served August 7, 2026, to each of the following:

Matthew E. Bennett, Esq.                        ( )        via U.S. Mail
Franklin D. Azar & Associates, P.C.             (x)        via Electronic Mail
14426 East Evans Avenue                         ( )        via Facsimile
Aurora, CO 80014                                ( )        via Overnight Mail
*Counsel for Plaintiff*                         ( )        via CM/ECF System


/s/ Imelda Andrade
_____